**HUDSON, Plaintiff-Appellee, v. HOSTER et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

Nos. 3468, 3469, 3470, 3471. Decided March 26, 1943.

10

Wilson & Rector, Columbus, for plaintiff-appellee.

Gumble & Gumble, Columbus; Frost & Jacobs, Cincinnati, and H. J. Sibenthaler, Cincinnati, for defendants-appellees.

## OPINION

By HORNBECK, J.

These are appeals on questions of law from orders of the trial court, fixing fees of Wilson & Rector, counsel for plaintiff-appellee in the foregoing cases, for legal services rendered for the common benefit of all the parties to the actions which were in partition. Separate appeal was perfected in each case, but by stipulation all are combined in this court and presented as one appeal. The plaintiff, tenant in common and owner of the undivided one-fifteenth interest in the real estate described in the petitions, instituted her action against the other tenants in common for partition. In the four cases nine pieces, mostly of downtown Columbus real estate, were the subject of the suit. The total reasonable market value of the real estate was in excess of $1,700,000.00.

The actions were instituted on May 1, 1940. Case now bearing appeal No. 3468 involved property at 97-100 N. High St., Columbus, known as the Kresge Building. Case No. 3469 involved six parcels of land, the first parcel at 161-167 N. High Street, known as the Columbia Building; the second parcel at 78 N. High St., known as the Heaton property; the third parcel at 305-307 N. Front St., known as the Dobson-Evans property; the fourth parcel at 65 E. Chestnut St., known as the Chestnut Street lot; the fifth parcel at 16 E. Broad Street, and so known; and the sixth parcel at 195-197 E. Main St., known as the Main Street lot. Case No. 3470 involved property at 118-126 E. Broad St., known as the Tice-Jeffers property; and case No. 3471 involved property at 41 N. High Street, known as the Neisner property.

On May 23, 1940, in cases Nos. 3470 and 3471, Charles P. Outhwaite, Max H. Gumble and Claude J. Bartlett, attorneys for the defendants named in said suits, filed motions to require the plaintiff to make Theodore G. Hoster a party defendant in the cases on the ground that he was an owner in fee simple of an undivided interest in the real estate described in the petitions. On May 24, 1940, and before the motions were passed upon, an entry was presented by counsel for plaintiff, making Theodore G. Hoster a party

defendant therein, granting leave to file amendment to plaintiff's petition and the amended petitions were filed on that date. On July 11, 1940, in each of the four cases, the foregoing attorneys. on behalf of designated defendants. filed motions supported by affidavit to make other parties defendants in said cases. It is urged by appellants that inasmuch as these motions were not at any time disposed of by the court, the partition cases were not at issue and not ready for judgment or decree.

On December 17, 1940, W. Lyman Case, who had purchased plaintiff's interest in the real estate described in the various petitions, was substituted as party plaintiff in each of the cases which action counsel for defendants-appellants claimed was taken without notice to them. Subsequent to the substitution of Case as party plaintiff, negotiations were had between him and certain of the defendants resulting, on February 28, 1941, in a sale of the interest which he had acquired from the plaintiff to twelve of the defendants in the four cases.

On February 16, 1941, it was agreed by the parties to the partition suits that each and all of the cases were to be dismissed without prejudice and thereafter on April 30, 1941, an application was made in each of the cases reciting the foregoing agreement and requesting that prior to any dismissal entry the court should determine the amount of attorney fees, if any, to be allowed and paid to Wilson & Rector for their services as attorneys in said proceeding, including any cross-petition, as part of the costs in the case. Thereafter, on May 20, 1941, an amended application to dismiss was filed in each of the four cases alleging that some of the defendants, through their counsel, materially assisted in the partition suit to the common benefit of all the tenants in common in the real estate described in the petitions and requesting that, if the court should award counsel fees as a part of such award, it take into consideration the services rendered by counsel for the moving defendants for the common benefit of all the parties to said suits.

Thereafter all applications were referred to Judge Duncan of the Common Pleas Court who took the testimony and conducted the hearing and, in conjunction with the other five members of the Common Pleas Bench, fixed the reasonable value of the services of Wilson & Rector at the aggregate sum of $32,000.00 which was prorated to each case according to the judgment entries.

After the appeals were perfected in this court, Wilson & Rector on its own motion, was made party thereto in each case.

Four errors are assigned which we state as we discuss them.

Assignment No. 1. "The court erred in overruling the objections to the hypothetical question propounded to the witnesses called as experts by Wilson & Rector and in permitting said witnesses to express opinions based on said hypothetical question."

14

The hypothetical question propounded sets out in minute detail an itemization and elaboration of the services covering several pages claimed to have been rendered by Wilson & Rector for the common benefit of the tenants in common who were parties to the action. It was stipulated that Mr. Richard T. Rector of the firm of Wilson & Rector would testify that the statements made in the hypothetical question are correct, and he was interrogated on cross-examination only. The last paragraph of the hypothetical question is as follows:

"Having in mind the standing and reputation of the firm of Wilson & Rector; its experience and ability to successfully carry on this litigation, as the same are known to you, * * *, what, in your opinion, is reasonable compensation to said firm for the aforesaid services?"

It is claimed in the brief of appellants that the hypothetical question is incorrect in three particulars:

(1) That it includes time spent by counsel for plaintiff in negotiations, conferences and letters written by them, in connection with the negotiation of all contracts and papers leading to the ultimate consummation of the sale of their client, Mrs. Hudson's interest in the property involved in the partition suit, all of which services were not for the common benefit of all the parties to the proceeding.

Citations are presented from the record tending to support this claim.

(2) The question assumed and included facts which from the evidence should not have been included therein and contain material exaggeration of services performed by Messrs. Wilson & Rector which were not for the common benefit.

(3) That the foregoing underscored part of the hypothetical question was improper in that it permitted the witnesses to combine matters known to them personally but not testified to with statements of fact in the question.

An examination of the record is convincing that counsel may urge in this court the third proposition only of the first assignment of error. The first and second propositions here urged are not saved on the record because no objections to the question upon these grounds were made. The court, however, gave attention to both of the propositions now presented and stated that he recognized that no allowance should be made to counsel for plaintiff for services which were exclusively for the benefit of the plaintiff, and further that he was able to separate any of such services from those that were for the common benefit when he came on to consider the case. Counsel for plaintiff also stated that they were claiming no compensation for services which were not performed for the

common benefit of the parties and insisted that the question as propounded included only such services.

It is well to state at this juncture, that no separate findings of fact and law were requested and none prepared, so that in considering and discussing the errors assigned we must indulge every legal intendment in favor of that state of fact and conclusion of law which will support the judgment.

The third proposition under the first assignment of error is clearly made upon the record and it is our judgment that technically, the hypothetical question is incorrect, in so far as it incorporates the language, "having in mind the standing and reputation of the firm of Wilson & Rector; its experience and ability to successfully carry on this litigation, **as the same are known to you,** * * *." We reach this conclusion upon the application of general principles of the law and not upon any citation offered by counsel for the parties. Appellants cite one case, **Saffin v. Thomas, Exr., et, 8 O. C. C., 253.** Appellee cites no cases. We would have appreciated more assistance on this question. It is possible, giving application to the language of the question as framed, that, of the seven witnesses who testified on behalf of the plaintiff each of them had a different concept of the standing and reputation of counsel for the plaintiff, its experience and ability to successfully carry on the litigation in question. Such varying shades of opinion, essentially personal, the bases of which are not brought into the record, could very well make a difference in the evalution of the service delineated in the question.

Counsel for plaintiff insist that if Mr. Richard T. Rector had taken the stand he would have testified to probative facts respecting the standing, experience and ability of his firm. No doubt this is true, but such testimony was not included in the hypothetical question and therefore was not brought upon the record by stipulation or otherwise. The general rule as to the essentials of a hypothetical question and the right of a witness to give an answer thereto is found in 32 C. J. S., 365, "Before a witness is permitted to express an opinion on a particular matter the facts on which the opinion is founded should be before the court."

The trial judge was of opinion that the subject matter of the question to which objection was urged was not objectionable because it was not a statement of fact and if objectionable, clearly could be met by cross-examination of Mr. Rector. In our judgment the infirmity in the question is not met by the right of cross-examination. If the question is incorrect in form counsel for appellants had a right to stand upon their objection and were not required to touch upon the facts constituting the infirmity on cross-examination. As a matter of fact, the cross-examination did not at length touch the general experience of the plaintiff firm, but was in the main restricted to the services claimed to have been rendered in the instant suit.

Under the statute, §12050 GC, counsel fees in partition suits are to be fixed by the court according to equity, based upon service in the case for the common benefit of all the parties. It is the general practice in most jurisdictions, though probably not in Franklin county, to fix such fees when partition is completed, upon the basis of a percentage of the amount for which the real estate partitioned sells, if it goes to sale, or upon the value thereof, if not sold. Upon this basis a young lawyer handling his first case in court, if the only counsel in the case, and if his services were well performed, would be entitled to as much compensation as a mature lawyer of wide experience whose services could be privately secured only upon payment of the highest fees. Whether or not the fee is fixed upon a percentage of values involved, the value of completed services in partition cases is predicated upon the reasonable worth of such services without respect to the individual who performs them.

**Saffin v. Thomas, Exr., et, supra,** is not at all helpful on the question here presented. In the cited case the court held against the plaintiff-appellant upon the claim that the judgment was erroneous in that it did not allow the plaintiff a sum in keeping with the amount fixed by experts in answers to hypothetical questions. The court in supporting the judgment stated:

"But an examination of this evidence (as to the value of services rendered by plaintiff) discloses the fact that not one of the witnesses of the plaintiff except himself, had any actual knowledge of the amount or character of the services so rendered, and that they only testified as experts in answer to the hypothetical question put to them which assumed that such services were of a certain character. The other evidence in the case clearly shows that these assumptions in the main were not at all correct in several other material respects, and the value of the services as fixed by these experts does not apply to the case as actually proved."

This statement in the opinion is convincing that the infirmities of the hypothetical question in the cited case were of a different character and far more serious than the one instance of infirmity in the hypothetical question in the instant case.

We have discussed the objection to the hypothetical question, which we feel to be well founded, largely as an abstract proposition and in a technical sense. In the instant case, looking at the question from a practical viewpoint and as it affects the judgment which we here review we are satisfied that the objectionable part of the question in all probability affected not at all the amount of the fee fixed by the judges.

Without exception, the lawyers who testified as to the value of plaintiff's fees used a percentage basis as generally employed in

fixing fees in partition cases. They assumed that the services set out in the hypothetical question had been performed and that they had been done skilfully, and that the major portion of the services incident to completed partition had been performed. As a matter of fact, the trial judge and associate judges who signed the bill of exceptions were especially well qualified to determine the professional standing, experience and ability of the plaintiff firm. From an analysis of the question in the light of the common knowledge of the members of this court, counsel in this case, and the Common Pleas Court judges, we are satisfied that it can not be said that the objectionable part of the question resulted in error prejudicial to the appellants.

The court fixed plaintiff's fee in an amount $18,000.00 less than the lowest sum fixed by any of the experts who testified in behalf of the plaintiff.

**Assignment No. 2.** "The court erred in failing and refusing to find that services in the case for the common benefit of all the parties were rendered by the various counsel representing the defendants-appellants and in failing and refusing to award some part of the fees allowed and taxed as costs in the case to such other counsel."

This assignment is not well made for two reasons: First, it does not appear that counsel for defendants-appellants, during the trial of the cause or at the time of the preparation of the judgment entry sought to have the court fix any sum as representative of fees allowed to said counsel; second, it may be that the trial judge was eventually of the opinion that counsel for appellants did perform some service which was for the common benefit of all parties. The judgment of the court is directed to the value of the services performed by Wilson & Rector in this case according to the evidence produced upon this one question.

It is apparent from the general observations of counsel who took the leading part in the trial on behalf of appellants that he and counsel for other appellants were being paid for their services by their respective clients. It was urged upon the trial judge that they had performed services for the common benefit of the parties and that the value of such services should be deducted from the total sum which the court would allow for all services rendered for the common benefit. This may have been the method which the trial judge and his associates employed in fixing plaintiff's fees.

We are satisfied that this case upon the facts presented in the hypothetical question, in conjunction with the pleadings which were before the court, afforded a basis upon which the court could fix the fees of plaintiffs without benefit of expert testimony. 32 C. J.

S., 408-409. As a matter of fact, the result reached in the judgment would lend support to the theory that the court did fix the fees largely upon its own independent appraisal of the value of plaintiff's services because the sum fixed was not in accord with the testimony of the experts on behalf of the plaintiff or on behalf of the defendants, and varied widely from the values so fixed. In stating that the judge who tried the case may have eventually concluded that the services rendered by counsel for appellants were of common benefit, we are not unmindful of the observations made by him at the conclusion of the testimony. At that time the judge was of the opinion that the efforts of such counsel were not directed so much to the perfection of title, * * * as they were to an obstruction and defeat of the partition, if it could be done. It was his opinion that the numerous motions filed by counsel for appellants were to delay and possibly prevent partition, and therefore could not be said to be for the common benefit of the parties to accomplish partition. The judge, however, said that he would give further and more mature consideration to the question.

As we have heretofore stated, we have no separate findings of law and fact and we are unable to determine the view of the trial judge as to the merit of the claims advanced by the numerous motions filed by counsel for appellants. To what extent these motions would have been sustained and the effect that action thereon would have had upon the ultimate question for determination, in the view of the trial judge, does not appear.

Counsel for appellants do not in their briefs on this appeal now urge nor attempt to demonstrate that the motions filed by defendants below would ex necessitate have been sustained, and that thereby would have materially changed the parties who would eventually have been entitled to partition or the extent of their respective shares in said real estate.

**Assignment No. 3.** "The matter having been heard by and submitted to one judge of the Court of Common Pleas of Franklin county, Ohio, it was prejudicial error for that judge to confer with the other five judges of the Court of Common Pleas, who had not heard the testimony, nor read the record, nor examined the exhibits in the case, in the absence of counsel for defendants-appellants, and in the absence of defendants-appellants, and it was prejudicial error for the 'court' to find that all six judges of the Court of Common Pleas concurred in the finding of the trial judge."

The bill of exceptions is signed and authenticated by all of the six judges of the Court of Common Pleas of Franklin county, and this action has been the subject of considerable controversy in this court. A motion was made by appellants, the purpose of which

was to require the bill of exceptions to be enlarged, and to have removed therefrom the signatures of all of the judges save the one who it was claimed heard the testimony.

It is our judgment, upon the limited statutory authority that we have to order diminution of the record, that we could not afford defendants the relief which they sought by their motion. However, the record fairly presents the status of the case in the trial court. The bill of exceptions demonstrates that Judge Duncan took the testimony and presided at all of the hearings wherein the record was produced, heard the arguments of counsel and took the case on submission. Thereafter, in accordance with a rule of that court which we have a right to accept as existent, he conferred with all of the other judges upon the question of the amount of the fees to be fixed, inasmuch as he was of opinion that it necessarily would be more than $1,000.00. The trial judge's statement is to effect that he conceived it to be his "duty under our rule to submit this transcript to the other judges and have them have the opportunity of passing upon the question of the amount of the fee, since the amount in question is over $1000.00. That is our rule and I will adhere to that." The extent to which the other judges were informed when they acted does not appear. It may or may not be that they read the transcript in part or in its entirety. In any event, we must assume that inasmuch as they have affixed their signatures to the bill, they had enough of the subject matter of the case before them to support their judgment as entered.

We do not find that the record exemplifies prejudicial error on this assignment.

**Assignment No. 4.** "The sum allowed to Wilson & Rector for their services in full in this case, * * * is against the manifest weight of the evidence and constitutes an abuse of discretion."

This assignment presents the one and substantial question on this review. The court had before it in the fullest detail the nature and extent of the services which were to be valued. It also had the benefit of the expert testimony of George L. Gugle, who fixed the value of the services at $65,000.00; Charles S. Druggan, $50,000.00; James I. Boulger, $50,000.00; Lyle M. Sandles, $51,460.00; James M. Hengst, $51,000.00 to $68,000.00; Harley E. Peters, $51,000.00; George R. Hedges, $60,000.00 to $70,000.00; and on behalf of defendants, Charles O. Outhwaite, Willis H. Liggett, Max H. Gumble and Claude J. Bartlett, counsel for defendants; Barton Griffith, Sr., and William Harvey Jones, who fixed the value of the services at $15,000.00. The variation in the sums fixed is marked. The difference in the results reached by the experts is not unprecedented or unusual. As a matter of fact, it is the common experience wherever experts express opinions in court.

Counsel for appellants recognize the rule by which this court is controlled in its action on this review, namely, was the action of the trial court so manifestly against the weight of the evidence as to shock our conscience or as they put it, to constitute an abuse of discretion on the part of the court.

It is not necessary to restate to eminent counsel in this case the limitations with which we are bound in reversing a judgment upon the basis that it is against the manifest weight of the evidence.

The question is not one for our original determination. It is not whether upon the record we would fix the sum as determined by the trial judges, but were they within their discretionary rights under the evidence in reaching the amount fixed.

This fee is high. We are impressed with the testimony of Barton Griffith, Sr., and William Harvey Jones, both of whom, and particularly Mr. Griffith, analyzed the charges on the basis of quantum meruit and per diem charges.

However, we likewise recognize the high professional standing of the lawyers who testified for the plaintiff and who fixed the amounts as heretofore stated, and that on the hypotheses upon which they predicated their opinions, we have an honest expression of their judgment of the fair value of the services rendered.

The record will not support a finding by this court that the trial judge and his associates abused their discretion in fixing the fee in the sum carried into the judgment on review.

Appellant cites **Fibbe v. Poland, 24 Oh. Ap., 532,** as a judicial yardstick showing that the judgment in this case is against the manifest weight of the evidence. We are unable to conclude that **Fibbe, et v. Poland** fixes a judicial rule by which to determine the proper amount of fees to be allowed in partition suits, if it be conceded that all pronouncements therein are sound expositions of the law. The cited case is authority only to the effect that under **§12050 GC,**

"in action for partition, court may allow attorney fees commensurate with service actually rendered for common benefit up to time that parties agreed to interest held by each and to dismissal of action before final judgment of partition", and that,

"where services rendered by attorneys for plaintiff in action for partition were for benefit of all parties, and action was dismissed by agreement at cost of defendant, attorney fees should not be charged only on defendants, but should be divided equally among parties."

That is to say, in a situation such as we have in the instant case, where a cause is dismissed before partition is completed, it is appropriate and valid to award compensation for the value of services rendered for the common benefit of the parties. Buckwalter, P. J., who wrote the opinion states:

"The **only question raised** is as to the allowance of attorney fees. The amount allowed was only a portion of what would have been allowed under the rules of the Court of Common Pleas had the cause proceeded to final judgment in partition. **No question is raised as to the amount;** the only question being the right of the court to make any allowance in an action in partition where the cause has been dismissed before final judgment of partition." (Emphasis ours.)

It is true that in the separate findings of fact and law which are appended to appellant's brief, the court did find that the reasonable value of said service is $3000.00. However, this was not, according to the opinion, at issue.

We are also cited to **Prather v. Presbyterian Society, 13 O. N. P. (N. S.), 169,** which held that a verdict in behalf of two attorneys for $15,000.00 for legal services rendered to a church organization, was excessive. This was not a partition suit, but in fixing compensation the same principles were involved as must be given application in this case. The court points out in the syllabus and in the opinion that counsel in the case, although they were employed for a period of three and one-half years and probably put in as much as 150 days on the questions involved in the case, "brought into the case many features and performed a great amount of labor for which no occasion existed"; that upon two of the principal legal propositions upon which counsel expended much time there was no substantial basis whatever for the principles which they urged on behalf of their clients, and that therefore the services performed were unskilfully and unnecessarily performed. The dissimilarity is marked between the factual situation in the cited case and the instant case upon the facts which the trial judge in this case had a right to find. It is interesting to note also, at page 183 of the opinion in the Prather case, that it is said:

"If there had been a partition case of this church property, and it had been sold for $400,000.00 the entire fees to be allowed to the attorneys who had brought the partition suit would be less than $2500.00."

It is obvious that the rule of court fixing fees in partition suits in Hamilton county in 1912 was quite different and provided for a much lesser allowance than the rules and the practice obtained in Franklin county in 1940.

The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.